**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **PRIMELENDING, A PLAINSCAPITAL COMPANY;** *Plaintiff,* | § § § § § | |
| **v.** | § § § | **MO:25-CV-00275-DC-RCG** |
| **BUDDY JAMES FAZZIO, JR.; LEANNDA CHRISTINE FAZZIO; and UNITED STATES OF AMERICA;** *Defendants.* | § § § § § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is the status of this case. This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE**.

## I.    DISCUSSION

Plaintiff PrimeLending, A Plainscapital Company, ("Plaintiff") has repeatedly failed to prosecute this case and comply with Court Orders. (Docs. 8–9, 11). This action was commenced in the 441st District Court, Midland County, Texas, on April 8, 2025. (Doc. 1-1). The action was removed to this Court on June 18, 2025. (Doc. 1). On August 11, 2025, Defendant United States of America filed a Motion for Entry of Consent Order, stating Plaintiff agreed to the Motion. (Doc. 5). The next day, the Court sent a Pro Hac Vice letter to Plaintiff's Counsel, Joseph Vacek. (Doc. 6). Because Plaintiff, as a corporation, is unable to represent itself and could not agree to the Motion without a licensed attorney, the Court denied the Motion. (Doc. 7). A month went by, and Plaintiff failed to take any action. On September 22, 2025, the Court ordered Plaintiff to show cause by October 13, 2025, for its failure to properly serve Defendants in this case, save the United States. (Doc. 8). The Court further cautioned Plaintiff that failure to respond by the

deadline will result in the case against Defendants being dismissed. *Id*. That deadline came and went with no response from Plaintiff. The Court then, on October 17, 2025, issued an Order for Plaintiff's Counsel to file a status report as to whether he is representing Plaintiff in this case. (Doc. 9). Three days later, Plaintiff's Counsel filed a Motion to Appear Pro Hac Vice, which the Court granted. (Doc. 10).

The Court gave Plaintiff one week to cure the deficiency addressed in its first Show Cause Order, but when Plaintiff took no action, the Court issued its Third Show Cause Order. (Doc. 11). Plaintiff was required to show cause why this case should not be dismissed under Rule 41(b) for failure to prosecute or comply with court orders. *Id*. On November 4, 2025, Plaintiff filed a Response, albeit unsatisfactory. (Doc. 12). In its Response, Plaintiff stated Defendants Buddy James Fazzio, Jr. and Leannda Christine Fazzio's whereabouts are unknown, and they will need to be served by publication. *Id*. Plaintiff then asked this Court to grant the Joint Motion for Entry of Consent Order and remand this suit to the state court where it was originally filed.[1] *Id*.

Plaintiff has filed nothing and has taken no action in this case since. This case was filed in state court in April and has been in this Court since June—suffice it to say Plaintiff's time to effectuate service is beyond passed. While Plaintiff states service by publication will be necessary, Plaintiff has not asked this Court for an extension of time to serve or filed a motion for substitute service of process. This Court refuses to show cause Plaintiff yet again to effectuate service—which would be required for this case to advance.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds the only remedy available in light of Plaintiff's

---

1. The Court notes there has never been a Motion to Remand filed.

inaction and failure to comply with the Court's Orders is to dismiss the Complaint for want of prosecution under Rule 41(b). For the same reasons, the Court further recommends the Complaint should be dismissed in the interest of judicial economy. At this point, the Court is left with no option other than to recommend dismissal under Rule 41(b). Plaintiff has failed to comply with the Court's first Show Cause Order (Doc. 8) and, despite filing a Response to the third Show Cause Order, Plaintiff has not remedied its procedural deficiencies. The Court has also warned Plaintiff multiple times that this case was at risk of being dismissed. (Docs. 8, 11). Even so, Plaintiff has continued in its failure to prosecute this case.

The undersigned recommends the Court dismiss the Complaint without prejudice to allow Plaintiff another opportunity to raise its claims, if necessary. *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice"). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

## II.    RECOMMENDATION

After due consideration, the Court therefore **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b).

SIGNED this 5th day of January, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).